UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOBBY FELICIE,

                Plaintiff,

-against-

LATISHA BROWN SUPREME COURT CLERK; CHELSEA JOHN (DIVISION OF HUMAN RIGHTS REGIONAL DIRECTOR); LETICIA JAMES (STATE ATTORNEY GENERAL),

                Defendant.

24-CV-7446 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

    Plaintiff Bobby Felicie, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated October 4, 2024, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. Id. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff brings this action against: (1) Bronx County Supreme Court Clerk Latisha Brown; (2) New York State Division of Human Rights ("NYSDHR") Regional Director Chelsea

John; and (3) New York State Attorney General Letitia James.[1] The complaint, which is handwritten and largely illegible, contains few facts about the events giving rise to this action. (ECF 1.). Attachments to the complaint suggest that Plaintiff's claims arise from four Bronx County Supreme Court cases in which he is or was a party. (*Id.* at 8-33.) Following is a list of the state court matters and information that the Court was able to glean from documents that Plaintiff attached to this complaint.

In *Felicie v. Div. of Human Rights*, Ind. No. 28069/17, the state court sealed the Defendant's answer on June 7, 2023. (*Id.* at 31.) In *Felicie v. HHRMC*, Ind. No. 10077/19, defense counsel moved for an order directing Plaintiff to fill out Health Insurance Portability and Accountability Act ("HIPAA") forms and to comply with discovery demands. (*Id.* at 10-11, 14-15.) In *3203 Oxford Realty v. Felicie*, Ind. No. LT-12089/20, the parties entered into a stipulation of settlement on July 7, 2021. (*Id.* at 8.) In *Felicie v. Bronx Cnty. Div. of Human Rights*, Ind. No. 1623/23, the NYSDHR admitted in its answer that it found no probable cause to believe that Oxford Realty or HHRMC engaged in discriminatory or retaliatory housing practices against Plaintiff. (*Id.* at 29-30.) The state court denied Plaintiff's motion to strike the answer for allegedly failing to redact confidential information. (*Id.* at 33-38.)

Other attachments to the complaint show that on June 5, 2023, and March 19, 2024, the Administrative Judge of the Bronx County Supreme Court issued orders barring Plaintiff "from filing any future actions or making any motions [in the Bronx County Supreme Court] without prior permission," because he "abuse[d] . . . the judicial process through vexatious litigation." (*Id.* at 25-26.)

---

[1] On the same day that Plaintiff filed this complaint, he filed another one that also named Chelsea John and Letitia James, among other Defendants, and asserted some of the same causes of action. *See Felicie v. Hill*, ECF 1:24-CV-7447, 1 (S.D.N.Y. filed Sept. 30, 2024).

Also attached to the complaint are: an email[2] from Plaintiff to lawyers and other parties in the state-court matters stating his intention to seek unspecified injunctive relief against the NYSDHR; a note stating that Plaintiff is under a doctor's care; blurry photographs; part of Plaintiff's Experian profile; a document discussing "confidentiality" of "HIV and AIDS related information" generally; and "Incident Information Slips" from the New York City Police Department suggesting that Plaintiff was charged with harassment on January 24, 2024, and February 29, 2024. (*Id.* at 13, 16, 18-24, 27-28.)

Plaintiff alleges that Defendants "withheld . . . privileged information" from him, which "adversely" affected him before he could "be heard first and/or correct any wrongdoing or errors."[3] (*Id.* ¶ III.)  Plaintiff further claims that Defendants disclosed "confidential medical information"; that Defendant Brown "provided copies [of unspecified documents] to other judges, which "allow[ed]" them to "make pre judgment conviction and monitor anything related to [Plaintiff's] name [and] identity"; and that Defendant John permitted a NYSDHR staff member to "upload" unspecified documents "through [a] public access website." (*Id.*)

Plaintiff asserts that Defendants violated his constitutional rights to equal protection and due process (*Id.* ¶ II.)  He seeks declaratory relief "affirming" that his right to privacy and to due process have been violated, injunctive relief "to prevent further violations" of his "HIPAA rights," and damages. (*Id.* ¶ V.)  Plaintiff also moved for appointment of *pro bono* counsel. (ECF 3.)

---

[2] The email is dated April 17, and may be from 2024, but it is not clear. (*Id.* at 16.)

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

4

## DISCUSSION

A.    **Claims Seeking Relief from State Court Proceedings**

    1.    **Anti-Injunction Act**

It appears that Plaintiff is asking this Court for injunctive relief in connection with state court proceedings. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012) (holding that the Anti-Injunction Act imposes "an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions" (citation omitted)). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the United States Supreme Court. *Atl. Coast Line R.R. Co.*, 398 U.S. at 287.

Here, Plaintiff seems to seek this Court's intervention in connection with various state court actions. Plaintiff has not, however, alleged any facts suggesting that any of the exceptions to the Act's prohibition against federal court intervention into state court proceedings applies. The Court therefore dismisses Plaintiff's claims in which he asks this Court to intervene in his pending state court litigation, as prohibited by the Anti-Injunction Act.

    2.    *Younger* **Abstention**

Even if the Court had jurisdiction to consider Plaintiff's complaint, the *Younger* abstention doctrine also cautions against enjoining or otherwise interfering in ongoing state

proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining "*Younger's* scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal-court actions that would, in the absence of this doctrine, intervene in state-court civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015).

Plaintiff's request for declaratory and injunctive relief in his various state court proceedings, by directing the state courts to take certain actions, implicates the state's interest in enforcing the orders and judgments of its courts. *Younger* abstention therefore applies and bars the relief Plaintiff is seeking. Ultimately, if Plaintiff is aggrieved at the process and outcomes of the state court proceedings, he can avail himself of the New York State appellate process by appealing any decisions to the New York State Appellate Division.

      3.      **Rooker-Feldman Doctrine**

To the extent that Plaintiff challenges the final outcome of any of his state court proceedings, his claims are barred under the *Rooker-Feldman* doctrine. The doctrine –- created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) –- precludes

6

federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

To the extent Plaintiff is asking this Court to review or reject the holdings of final state-court judgments or orders that he alleges have caused him injury, such claims are barred by the *Rooker-Feldman* doctrine and are dismissed.

### B.  Issues with the Named Defendants

#### 1.  Bronx County Clerk Latisha Brown

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d

7

at 209-10 (describing actions that are judicial in nature).  But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal).

Courts have held that "Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are thus entitled to absolute immunity. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that court clerks were entitled to "absolute quasi judicial immunity" in a suit alleging they refused to file documents, and citing cases); *Humphrey v. Court Clerk for the Second Circuit*, No. 08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (court clerks enjoy absolute immunity "if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court" (citing *Rodriguez*, 116 F.3d at 67)).  Where a plaintiff is prevented from initiating a new action, some courts have found a possible violation of her rights.  *See Humphrey*, 2008 WL 1945308, at *2 (relying on *LeGrand v. Evan*, 702 F.2d 415, 418 (2d Cir. 1983) (reversing decision dismissing as frivolous a complaint that alleged that clerk of the New York Supreme Court, Kings County, refused to accept

applications for a writ of *habeas corpus*, and noting that "many courts have accorded clerks only a qualified 'good faith' immunity from liability arising from ministerial acts.")).

Here, Plaintiff does not allege that Brown's actions were taken outside the scope of the functions associated with her position as a court clerk.  Moreover, nothing in the complaint suggests that Plaintiff was prohibited from "commenc[ing] an action under a state statute" or that his constitutional rights were violated.  *See Humphry*, 2008 WL 1945308, at *2.  The Court therefore dismisses Plaintiff's claims against Brown under the doctrine of absolute judicial immunity.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. NYSDHR Regional Director Johns

Plaintiff's claims against Regional Director Johns must be dismissed. Government attorneys are immune from any liability arising from their conduct connected to NYSDHR proceedings.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process.") (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Hines v. Blum*, No. 21-CV-5528 (LTS), 2021 WL 3193034, at *1 (S.D.N.Y. July 26, 2021) (dismissing claims against NYSDHR attorney).  This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits – including the defense of such actions." *Id*. (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against Johns are based on actions within the scope of her official duties and associated with the Plaintiff's administrative proceedings before the NYSDHR.  Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

### 3. New York State Attorney General Letitia James

Plaintiff's Section 1983 claims for damages against New York State Attorney General Letitia James must be dismissed because they are barred under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's Section 1983 claims against Attorney General James are therefore barred by the Eleventh Amendment and are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Motion for Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, plaintiff's efforts to obtain a lawyer, and plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is dismissing the complaint for failure to state a claim and on immunity grounds and granting Plaintiff leave to replead, the motion for counsel is, at this stage, denied without prejudice.

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a neatly handwritten amended complaint, should he wish to do so, to replead his claims.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days leave to replead. The motion for *pro bono* counsel is denied without prejudice, and the Clerk of Court is directed to terminate that motion. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 19, 2025
         New York, New York

                                               /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                        United States District Judge